```
          UNITED STATES DISTRICT COURT
          WESTERN DISTRICT OF ARKANSAS
               FAYETTEVILLE DIVISION
```

**YOUNG YIL JO**                                                **PLAINTIFF**

**v.**                    **CIVIL NO.: 11-cv-05015**

**SIX UNKNOWN AGENTS, and**
**PRESIDENT BARACK OBAMA**                                     **DEFENDANTS**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Now before the Court is Plaintiff's Complaint. (Doc. 1). Plaintiff's Complaint was filed by utilizing a form entitled "Form to be Used by Prisoners in Filing a Complaint Under the Civil Rights Act, 42 U.S.C. 1983." (Id.) Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), this case is referred to the undersigned by the Honorable Jimm Larry Hendren, Chief United States District Judge for the Western District of Arkansas.

For the following reasons, it is the recommendation of the undersigned that the Complaint (Doc. 1) be **DISMISSED** with prejudice for failure to pay the filing fee or apply to proceed *in forma pauperis* ("IFP"), failure to prosecute this action, and for failure to obey an Order of the Court.

**I.   BACKGROUND**

Young Il Jo, Plaintiff herein, filed this case, but submitted no IFP application or filing fee. Accordingly, the Clerk of Court was directed to send Plaintiff a blank IFP application, and Plaintiff had until and including February 18, 2011, to file that completed application. (Doc. 2).

Plaintiff did not timely return his application to proceed IFP, or pay the filing fee in the above-styled case.  Mail was returned to the Court as undeliverable for insufficient address due to Plaintiff's inmate number being omitted, on January 31, 2011, however, the Court resent the mail to Plaintiff's address of record, with the inmate number on that same date.  No mail was returned to the Court as undeliverable since Plaintiff's address has been updated and completed, and moreover, Plaintiff has not contacted the Court in anyway to continue to pursue his complaint in the above-styled case.

## II.   APPLICABLE LAW

Dismissal of a case for failure to prosecute and failure to comply with orders of the Court is specifically contemplated by the Federal Rules of Civil Procedure.  FED. R. CIV. P. 41(b) (district court may dismiss case for failure to prosecute or comply with court orders); Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (district court has power to dismiss *sua sponte* under Rule 41(b)); Brown v. Frey, 806 F.2d 801, 803-04 (8th Cir. 1986) (quoting Haley v. Kansas City Star, 761 F.2d 489, 491 (8th Cir. 1985)) (a district court has the power to dismiss an action for the plaintiff's failure to comply with *any* court order; such a dismissal may be *with* prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff'") (emphasis added); Garrison v. Int'l Paper Co., 714 F.2d 757, 759 (8th Cir.1983) (it is well

settled that the district court has inherent power, acting on its own initiative, to dismiss a cause of action with prejudice for want of prosecution).

**III.    DISCUSSION**

Plaintiff has failed to file an application to proceed IFP, failed to pay the filing fee, and has not communicated with the Court or pursued prosecution of this case. There has been no indication that Plaintiff has not had adequate warning of the consequences of his failure to pursue this action. (*See* Doc. 2 (specifically stating the case was subject to dismissal if the application to proceed IFP was not returned or the filing fee not paid)). This case should be dismissed for failure to pay the filing fee or apply to proceed IFP, failure to prosecute and for failure to follow a court order.

**IV.    CONCLUSION**

For the forgoing reasons I recommend the above-styled case be **DISMISSED** with prejudice for failure to pay the filing fee or apply to proceed IFP, failure to prosecute and for failure to follow a court order.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely**

and specific to trigger *de novo* review by the district court.

DATED this 18th day of March 2011.

>/s/ Erin L. Setser
>HON. ERIN L. SETSER
>U.S. MAGISTRATE JUDGE